William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071-1635
Tel: 213-622-3003

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| FKA Distributing Co., LLC, d/b/a HoMedics<br><br>　　　　Plaintiff,<br><br>v.<br><br>Zyllion Inc.<br><br>　　　　Defendant. | Case No. 8:23-cv-1942 _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, FKA Distributing Co., LLC d/b/a HoMedics ("HoMedics"), by and through its undersigned counsel, for its Complaint herein states as follows.

## I. PARTIES

1. Plaintiff FKA Distributing Co., LLC d/b/a HoMedics is a limited liability company organized under the laws of Michigan, having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390 (hereinafter "Plaintiff" or "HoMedics").

2. Upon information and belief, Defendant Zyllion Inc. is a California Corporation, having a principal place of business at 26439 Rancho Pkwy South, Unit 175, Lake Forest, CA 92630 (hereinafter "Zyllion").

## II. JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

4. Upon information and belief, Defendant is subject to this Court's jurisdiction because Defendant continuously engages in substantial sales and other business transactions in this district. Defendant has sold infringing products, imported infringing products and/or committed infringing acts in this district. Furthermore, Defendant's headquarters and/or principal place of business is located in the Central District of California. The United States District Court for the Central District of California therefore has *in personam* jurisdiction over Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

## III. THE INFRINGED PATENTS

6. On May 25, 2010, U.S. Patent No. 7,722,553 ("the '553 patent") titled "Massage Apparatus" was duly and legally issued. (See Exhibit A, U.S. Patent No. 7,722,553). The '553 patent may hereinafter be referred to as the Patent-in-Suit.

7. HoMedics is the owner of all right, title and interest in the Patent-in-Suit, including the right to sue and recover for past infringement.

8. HoMedics is a leader in personal health and wellness products, including massagers sold under its HoMedics brand.

9. Defendant has knowledge of the Patent-in-Suit. Defendant is well-aware of HoMedics and its products. Defendant and HoMedics are also competitors for sales of certain products and/or product categories.

### IV.   COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,722,553

10. HoMedics realleges the preceding paragraphs as though set forth fully herein.

11. Upon information and belief, Defendant manages, owns, and profits from sales of products such as but not limited to the ZMA-33-BK through https://zyllion.com, https://walmart.com,[1] and/or from sales on Amazon.com such as from the Amazon.com Zyllion storefront.[2]

12. For example, Zyllion sold massagers under Amazon Standard Identification Number (ASIN) B0881Y82NN.

13. Defendant has made, used, offered for sale, sold, and/or imported into the United States and continues to make, use, offer for sale, import, and/or sell in the United States massagers such as those described above (hereinafter "Heated Shiatsu Massagers"). Defendant's activities infringe, induce others to infringe, and/or contributorily infringe the '553 patent.

---

[1] See e.g., https://www.walmart.com/ip/Zyllion-3D-Kneading-Deep-Tissue-Shiatsu-Neck-Back-Massager-Massage-Chair-Pad-Heat-Muscle-Pain-Relief-Home-Office-Black-ZMA-33-BK/1397034150?wmlspartner=wlpa&selectedSellerId=101339117.

[2] E.g., https://www.amazon.com/stores/Zyllion%2C+Inc./page/D83F3086-6903-4EB1-AFE9-BAD9AB698501?ref_=ast_bln.

14. By making, using, offering for sale, and/or selling Heated Shiatsu Massagers in the United States, or contributing and/or inducing others to make, use, offer for sale, or sell, Defendant are infringing at least claim 1 of the '553 patent, under at least 35 U.S.C. § 271(a), (b), and/or (c).

15. For example, the Heated Massagers infringe at least claim 1 of the '553 patent, which states:

> 1. A heat therapy apparatus comprising:
>
> a housing;
>
> a substrate mounted to the housing for rotation relative thereto;
>
> a heater mounted to the substrate for providing a heat therapy effect from the substrate;
>
> a pair of conductive contacts each mounted to one of the substrate and the housing; and
>
> a pair of conductive brushes each mounted to the other of the substrate and the housing in engagement with one of the contacts for maintaining engagement during rotation of the substrate relative to the housing;
>
> wherein at least two of the contacts and brushes are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

16. The Heated Shiatsu Massagers are marketed as, sold in packaging and/or, are provided with instructions that indicate "Massager . . . with Heat for Muscle Pain Relief." The marketing, packaging, and/or instructions also state the massagers provide a "Shiatsu" massage with "circular kneading . . . to mimic finger pressure shiatsu."

17. As shown below, the massagers include a housing as well as a rotating substrate and heater mounted to the substrate. Defendant import, offer for sale, and/or sell numerous products that infringe at least claim 1 of the '553 patent, including without limitation those described above.



18. The substrate is mounted to the housing for rotation relative thereto.

19. The below image shows one of the substrates of a disassembled Heated Shiatsu Massager showing the brushes and contacts.



4

COMPLAINT

20. Further disassembly of the unit reveals infrared heaters as shown below.



21. As shown in the images above, the Heated Shiatsu Massagers each include a pair of conductive brushes mounted to the substrate that are connected to a heater mounted to the substrate by black and red wires. When assembled, each of the conductive brushes is in engagement with one of the annular contacts for maintaining engagement during rotation of the substrate relative to the housing.

22. During operation, the conductive brushes are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

23. Defendant's activities also constitute infringement of other claims of the '553 patent. HoMedics has suffered damages as a result of the infringing activities of Defendant, and HoMedics will continue to suffer such damages as long as those infringing activities persist.

24. Defendant was aware of the '553 patent at least as early as September 2020, and upon information and belief was aware of its products infringement.

25. Even though Defendant had notice of the '553 patent, Defendant continued its infringement of the '553 patent. Moreover, given the parties' competitive status and similarities to HoMedics products, it is reasonable to infer

that Defendant also copied HoMedics products. Defendant's infringement has been willful, wanton, and deliberate.

26. Defendant has been, and still is, infringing, actively inducing others to infringe, and contributorily infringing the '553 patent. For example, Defendant induces or contributes to others' infringement by the instructions provided for operating its Heat Shiatsu Massagers.

27. HoMedics expects that further evidentiary support for these infringement allegations will be shown upon additional examination and after a reasonable opportunity for further investigation and discovery. Furthermore, HoMedics expects that other products of the Defendant also infringe claims of the '553 patent.

28. HoMedics has suffered damages as a result of the infringing activities of Defendant and will continue to suffer such damages as long as those infringing activities continue.

29. HoMedics has been, and will continue to be, irreparably harmed by Defendant' infringing conduct unless Defendant are enjoined by this Court.

30. HoMedics has no adequate remedy at law.

## V. DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A. Declaring that Defendant have infringed the claims of the '553 patent and that such infringement has been and continues to be willful;

B. Preliminary and permanently enjoining and restraining Defendant, its officers, directors, employees, agents, servants, successors, and assigns, and any and all persons acting in privity or in concert with Defendant, from further infringement of the '553 patent;

C. Awarding Plaintiff its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees and costs and disbursements in this action; and

E. Granting to Plaintiff such other and further relief as this Court deems reasonable.

## VI.   DEMAND FOR JURY TRIAL

HoMedics respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED:  October 16, 2023

By:  /s/ William E. Thomson, Jr.
William E. Thomson, Jr. (CA SBN 47195)
**BROOKS KUSHMAN P.C.**
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Telephone:  (213) 622-3003
wthomson@brookskushman.com

*Attorneys for Plaintiff*